UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ARROWOOD INDEMNITY COMPANY                          CIVIL ACTION

v.                                                  NO. 21-1028

ST JOSEPH'S ROMAN CATHOLIC CHURCH, ET AL.           SECTION "F"

ORDER & REASONS

Before the court is Gail, Ryan, and Jason Messina's request for the Court to abstain from deciding this declaratory judgment action or, in the alternative, Rule 12(b)(6) motion to dismiss for failure to state a claim. For the reasons that follow, this motion is DENIED with prejudice.

**Background**

This declaratory judgment action concerns whether and what insurance coverage is available to St. Joseph's Catholic Church in Gretna in relation to an asbestos claim by the now-deceased Joseph Messina. Mr. Messina, for whom family members have been substituted, filed suit in state court against St. Joseph's (among other entities) alleging that he contracted mesothelioma from asbestos exposure. That suit went to trial in June of this year and the parties expect that judgment will be issued in the next

1

month or two. Arrowood was not a named party in that suit as its identity was disclosed to the Messina family after the deadline to add parties to the state court suit. However, Arrowood participated in the defense of St. Joseph's (subject to a reservation of rights). Shortly before the trial, Arrowood filed this declaratory action in this Court asking for declarations as to the extent and terms of its coverage obligations to St. Joseph's. Now, the Messina family has filed a motion to dismiss asking the Court to abstain from deciding this action or, in the alternative, to dismiss the complaint for failure to state a claim.

## Legal Standard

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 [1942]). The Fifth Circuit has laid out a three-part test for determining whether a district court should exercise its discretion to decide or dismiss a declaratory judgment action: "[a] federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 387 (5 Cir. 2003)

(citing to Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 [5 Cir. 2000]).

While "it is a matter for the district court's sound discretion whether to decide a declaratory judgment action," Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5 Cir. 1983), there are a number of factors courts must consider in determining whether "practicality and wise judicial administration" suggest that it should hear a declaratory judgment claim. Wilton, 515 U.S. at 288. The Fifth Circuit has identified seven factors that a district court must evaluate on the record:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Sherwin-Williams, 343 F.3d at 388 (citations omitted). Courts have placed primary emphasis on the first factor. See Wilton, 515 U.S. at 283 ("at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be

3

indulging in "gratuitous interference" if it permitted the federal declaratory action to proceed.") (quoting Brillhart, 316 U.S. at 495).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions. Thompson v. City of Waco, 764 F.3d 500, 502 (5 Cir. 2014).

## Analysis

This declaratory judgment action is brought before the Court by means of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Messinas do not herein dispute that subject matter jurisdiction is present. Nor do the Messinas dispute that the Court has

authority to grant declaratory relief. For purposes of this motion, then, the only outstanding question is whether the Court should decline to exercise its jurisdiction.

As noted above, there are seven factors that the Fifth Circuit has listed as relevant to a court's consideration of whether to decline to hear a declaratory judgment action. The Court will consider each in turn.

### Factor One: Pending State Action

The first factor is whether there is a pending state action in which all of the matters in controversy may be fully litigated. There is a pending state action (although it has already gone to trial and is now awaiting judgment). However, all of the matters in controversy in this action could not have been fully litigated in that suit. As both parties note, Arrowood was not a party to the state court action. For reasons unclear to the Court, Arrowood's identity was not known to the Messinas until after the deadline to amend the lawsuit to add new parties. The Messinas suggest that Arrowood's participation in St. Joseph's defense suffices as far as this factor is concerned. Alternatively, they suggest that Arrowood could file a declaratory judgment action in state court, have it consolidated with the pending action, and have all relevant issues litigated in the one case.

Arrowood retorts that, as it was not a party to that case, it could not raise these issues in the state case. It further states

5

that Louisiana state law suggests that Arrowood could not have intervened in the case,[1] and notes that the Messinas could have continued the trial in order to add Arrowood as a party.  Moreover, Arrowood points out that the Messinas opposed a motion to continue filed by St. Joseph's not long before the trial.  Finally, Arrowood contends that it could not have filed a declaratory judgment in state court to be consolidated with the other state court proceeding because its declaratory action could not have been filed in the same court as the pending state action.

All of these facts tend to suggest that there is no pending state action in which all of the matters in controversy may be fully litigated.  Wilton and Brillhart suggest that "where another suit involving the *same parties* and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed."  Wilton, 515 U.S. at 279 (emphasis added).  Here, there is no suit involving the same parties, as Arrowood was not a party to the state action.  Additionally, Arrowood contends that it could neither have

---

[1] See Opelousas Gen. Hosp. Auth. v. La. Health Serv. & Indem. Co., 284 So. 3d 643, 647 ("Louisiana Code of Civil Procedure Article 1033 permits intervention in a lawsuit after the answer to the principal demand, with leave of court, if it 'will not retard the progress of the principal action.'  Therefore, if the court determines an intervention will retard the progress of the action, it is mandated to deny the intervention.").

6

intervened in that action nor had a case consolidated with that action. Therefore, this factor weighs in favor of retaining the declaratory judgment action in this Court.

### Factor Two: Anticipation of a Lawsuit

The second factor is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant. The Messinas do not suggest that they were prepared to sue Arrowood – in fact, the Messinas declined to continue their state trial in order to add Arrowood as a defendant. The Messinas suggest instead that, as this declaratory action was filed in response to a state court suit that had been filed and tried already, this factors weighs in favor of dismissal. Arrowood says that it "is not required to wait to be sued," which suggests that it anticipates a lawsuit. Absent stronger assertions by the Messinas or other evidence properly brought before the Court, the Court is reluctant to attribute the sort of bad faith assumed in a "race to *res judicata*" which this factor seeks to punish. Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, 996 F.2d 774, 779 (5 Cir. 1993). This factor therefore leans in favor of retention, albeit without much weight.

### Factor Third: Forum Shopping

The third factor is whether the plaintiff engaged in forum shopping in bringing the suit. The Messinas suggest that Arrowood engaged in forum shopping by bringing this action in federal rather than state court. They contend that Arrowood is "attempt[ing] to

7

gain an advantage in time and forum by having this issue decided in federal court before a state court can decide it." They cite a case decided in another section of this district to suggest that Arrowood was engaged in forum shopping as it "could have sought a coverage determination in the pending state court proceedings in which the entire controversy could have been adjudicated." <u>Axa Marine & Aviation Ins. (UK) Ltd. v. Robinson</u>, 1996 U.S. Dist. LEXIS 2862, *7 (E.D. La 1996). Once again, however, the Messinas neglect to reckon with the absence of Arrowood as a party to the underlying state court case. Arrowood asserts that none of the issues for which it brings this declaratory judgment action were litigated in the state court action and that none of them could have been. In <u>Axa Marine</u> it was "undisputed that there are pending state court actions … which would dispose of the insurance coverage issues found in this declaratory judgment." 1996 U.S. Dist. LEXIS 2862 at *4-5. Here there are no such pending state court actions, and thus there is no suggestion that Arrowood engaged in impermissible forum shopping. This factor weighs in favor of retention.

### Factor Four: Possible Inequities

The fourth factor is whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. Beyond those discussed in consideration of other factors, the Messinas identify no specific inequities under this factor. The Court is not aware of any either and suggests that

Arrowood has been allowed to gain precedence only because the Messinas declined to even attempt to have Arrowood joined to the state court suit. This factor weighs in favor of retention.

### Factor Five: Convenient Forum

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. Neither party suggests that this Court is an inconvenient forum and it appears that the underlying issues and facts are located within the district. This factor weighs in favor of retention.

### Factor Six: Judicial Economy

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy. In general, this factor suggests that courts should avoid retaining declaratory judgment actions where retention would result in "piecemeal litigation and duplication of effort in state and federal courts." Sherwin-Williams, 343 F.3d at 391. Again, the Messinas suggest that, as these claims could have been handled in the state court case, it would be inappropriate for this Court to rule on them. However, the Messinas have not persuaded the Court that there is any risk of inconsistent or uneconomical results stemming from retention of this declaratory judgment action. The Messinas do not suggest that any of these issues were actually litigated in the state suit, and nor do they suggest that any of the issues litigated in state court are being called into question

9

by Arrowood's requests. The Messinas cite a Fifth Circuit decision in which the Fifth, quoting Brillhart, stated that "'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit' when the entire controversy is already being litigated in a state court that is capable of resolving the dispute." Aquafaith Shipping, Ltd. V. Jarilla, 963 F.2d 806, 809 (5 Cir. 1992) (quoting Brillhart, 316 U.S. at 495). Here there is no state court litigating the entire controversy. Therefore this factor weighs in favor of retention.

### Factor Seven: Judicial Economy

The seventh factor is whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. Arrowood is not a party to any state suit regarding these issues. This factor weighs in favor of retention.

***

The Messinas assert that their case is analogous to Frontier Pac. Ins. Co. v. Marathon Ashland Petroleum, L.L.C., 87 F.Supp. 2d 719 (S.D. Tex. 2000). There, the Messinas' analogue filed a third-party action against the Arrowood analogue raising each of the coverage issues raised in the declaratory judgment action. The court, noting that all issues raised in the declaratory judgment action were before a competent state court, said that it would be

10

"utterly duplicative" to retain the declaratory judgment action. See Frontier, 87 F.Supp. 2d at 721.  Had the Messinas followed that example and sought to bring these issues into their state court case, this decision would doubtless be much closer.  That is not the case here.  Arrowood was not party to the state court case.  The issues raised in this declaratory judgment action were not and now cannot be litigated in that state court action.  Arrowood is entitled to have its claims heard in some case, and this Court has both the jurisdiction and the discretion to hear them.  As the Fifth Circuit's listed factors weigh in favor of retention and considering that the Messinas have not met the standard for a Rule 12(b)(6) dismissal,[2] the Court will retain this declaratory judgment action.

    Therefore, IT IS ORDERED: that the declaratory defendant's motion to dismiss is DENIED with prejudice.

New Orleans, Louisiana, October 27, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Messinas do not make any distinct arguments in support of their Rule 12(b)(6) claim.  Had the Court found that the factors weighed against retention, it could have considered whether a stay or dismissal was appropriate.  As such, this element of the motion is essentially moot.

11